THE MECHANICS' ·BANK, Defendant in Error, *v.* WILLIAM L. DONNELL *et als.*, Plaintiffs in Error.

*Pleading—Note.*—A petition upon a negotiable note, alleging that A. & B. made their note to A. and that the note was delivered to the plaintiff for a valuable consideration, whereby plaintiff became the owner of the note, does not show a right of action in the plaintiff.

*Error to Hickory Circuit Court.*

*H. C. Young* and *T. A. Sherwood*, for plaintiffs in error.

*Ewing & Muir*, for defendant in error.

DRYDEN, Judge, delivered the opinion of the court.

This was a suit founded on a negotiable promissory note for the sum of four thousand five hundred dollars, made by the defendants W. L. and T. F. Donnell, A. F. Doak and J. D. Donnell, payable to the order of the defendants W. L. and T. F. Donnell, four months after its date. There was no averment of the endorsement and delivery of the note by the payees to the plaintiff, but in lieu thereof, by way of showing the plaintiff's title, the petition after the usual averments as to the making of the note, proceeds thus : " That on the same day (the day it was made) the said promissory note was delivered to plaintiff for a valuable consideration, by reason whereof plaintiff became the owner and holder of said promissory note, and entitled to have and receive the sum of money therein specified ;" and then alleges demand and refusal of payment, protest and notice of non-payment, and asks judgment.

The defendant Doak answered putting in issue every allegation of the petition, except that as to the making of the note. The plaintiff below moved to strike out the answer, " 1. Because the answer states no legal defence to the plaintiff's cause of action ; and, 2. The answer is redundant, frivolous, evasive, dilatory, and states no meritorious answer to to plaintiff's petition." The motion was sustained and a judgment rendered for want of an answer, and the defend-

ants below have brought the case here by writ of error, and assign for error the striking out the answer.

In no view that we can take of the case can the judgment of the Circuit Court be sustained. Although the point has not been made in this court, it is plain enough the petition shows no cause of action for want of the averment of a transfer of the note in some way to the respondent by the payees. Without a sale or endorsement of the note to the respondent by the payees, or by some assignee of theirs, the respondent had no title to the note, and hence no right of action. The petition shows the note was delivered to the plaintiff for a valuable consideration—but what of that? By whom was it so delivered? By the payees? or by any one having power to pass the title? It does not so appear. But if it could be held that the averment was sufficient to show title in the respondent, then the fact averred was material to the respondent's right of action, and the denial of it was a good defence to the action.

The court erred in striking out the answer, and its judgment is for this cause reversed and the cause remanded; the other judges concurring. The respondent ought to be permitted to amend its petition in the Circuit Court, when the case goes back on such terms as may be just.