CHARLES REINHARD ET AL., Respondents, v. DORSEY
COAL COMPANY, Appellant.

St. Louis Court of Appeals, April 5, 1887.

1. NEGOTIABLE INSTRUMENTS—EVIDENCE OF INDORSEMENT. — Proof
that, soon after its date, and before maturity, a promissory note
was, for full value, and in the usual course of business, sold by a
person representing himself as one of the payees, and who indorsed
thereon the names of the payees, coupled with an admission by the
maker that the holder so received it from such person, is, in the
absence of testimony tending to cast a suspicion on the transaction,
*primà facie* proof of the holder's title as indorsee.

2. ——— EQUITIES.—In such a case, the holder has the rights of an
indorsee for value before maturity, and his title is not affected by
any equities of the maker of which the holder had no notice before
his purchase of the note.

APPEAL from the St. Louis Circuit Court, GEORGE
W. LUBKE, Judge.

*Affirmed.*

JOHN B. ROEDER, for the appellant; FISHER &
ROWELL, of counsel: The holder of a note is, *prima
facie*, the owner, only when the note is made payable to
"bearer," or where the indorsement is admitted, or is
treated as having been proved. *LaChance v. Loeblein*,
15 Mo. App. 460; *Grille v. Loxon*, 7 Mo. App. 97. The
indorsement of the payee must be duly proved to have
been made. *Union Savings Ass'n v. Diebold*, 1 Mo. App.
323. The plaintiffs have no title as indorsees. *Patter-
son v. Cave*, 61 Mo. 439; Daniels Neg. Inst. [3d Ed.] sect.
729.

WALKER & WALKER, for the respondents: The
holder of a note is, *prima facie*, the owner. *LaChance
v. Loeblein*, 15 Mo. App. 460; *Grille v. Loxen*, 7 Mo.

App. 97 ; *Shirts v. Overjohn*, 60 Mo. 305 ; *Horton v. Bayne*, 52 Mo. 533 ; *Globe v. Stahl*, 23 Mo. 451 ; *Chaffee v. Taylor*, 3 Allen, 600.

ROMBAUER, J., delivered the opinion of the court.

This is an action on a negotiable promissory note, by the holders, who claim to be indorsees for value before maturity, against the maker. The note is payable to the order of Henry Fink & Son, and bears on the reverse side the endorsement : " Hy. Fink & Son," written thereon in the presence of the plaintiffs, under the circumstances hereinafter stated.

There was a judgment for the plaintiffs in the trial court, and three points are presented for our consideration upon this appeal : (1) Whether the court admitted illegal testimony offered by the plaintiffs. (2) Whether the court erred in refusing the defendant's instruction, which is a demurrer to the plaintiffs' evidence. (3) Whether the court erred in rejecting the defendant's offer to prove that the note was obtained by the payees fraudulently, and was supported by no consideration.

As the suit was instituted before a justice of the peace, the appearance of the defendant, without formal plea, was equivalent to a denial of all the facts essential to the plaintiff's recovery, except of the defendant's signature to the note, which is not denied under oath, and stands admitted.

The proof of the plaintiffs' title to the note consisted of evidence of its possession by them, and of the following explanation as to its endorsement. Prior to its maturity a person called upon the plaintiffs, who was a stranger to them, and who said his name was Fink. This person had the note in his possession, and traded it to the plaintiffs for its full value, in goods and cash, and endorsed the note in the plaintiffs' presence, writing on the reverse side thereof, " Hy. Fink & Son."

All this evidence was objected to by the defendant, on the ground that it was incompetent, secondary, and

hearsay, and the statement of a third person, not made in the presence of the defendant.

The plaintiffs then read in evidence the note in controversy, with said indorsement thereon, against the defendant's specific objections that the endorsement had not been proved, and that there was no evidence that the person who wrote the name of Hy. Fink & Son on the back of the note, was a member of the said firm, or an agent thereof, or that he had any authority to make such endorsement.

The court overruled these objections, and admitted the endorsement in evidence, there being further testimony that the defendant's manager, the person who had signed the defendant's name to the note, had stated to the plaintiffs, at the date of its maturity, "I know from whom you received this note; you received it from young Fink," which testimony was not objected to.

The defendant then demurred to the evidence as insufficient to show any title to the note in the plaintiffs, which demurrer the court overruled.

These rulings are the first two errors complained of. "Possession is *prima facie* evidence of title, when paper is made payable to bearer, as bank notes, or where, if payable to order, the paper has once been properly endorsed and put in circulation." *Vastine v. Wilding*, 45 Mo. 92. This is a correct statement of the rule and its limitation. The cases of *Spears v. Bond* (79 Mo. 470), and *Fitzgerald v. Barker* (85 Mo. 19), go no further, because the note, in one case, was a note payable to bearer, and in the other a note payable to order, where the genuineness of the payee's endorsement in blank was proved, whereby that note had also become a note payable to bearer.

We are aware of no case where the bare possession of negotiable paper, payable to order, was held sufficient evidence of title in one who was not the payee, as against the party to the instrument, without proof of the payee's endorsement, although such possession was

held to be *prima facie* evidence of title as against a stranger in some cases.

The question to be decided, therefore, is, do all the other facts shown by the plaintiffs, make out a *prima facie* case of a valid endorsement to them. They acquired the note before maturity from one who represented himself as Fink. They saw the person endorse the note, "Hy. Fink & Son." The defendant admits that the plaintiffs received the note from young Fink. We think that all these facts together, without any countervailing evidence casting any doubt or suspicion on the transaction, are sufficient to make a *prima facie* showing of a valid endorsement, so as to shift the burden of proof. The case of *Chaffee v. Taylor* (3 Allen, 600), is very similar in its facts to the present case. Representations made by the person himself as to his name, coupled with the fact that he was in possession of the note before maturity ; that he transferred it by endorsement in the usual course of trade, and that the transaction was free from suspicion, was held a sufficient *prima facie* showing that he was the payee of the note. While the language of Judge Bigelow, in that case, is, in some respects, not quite justified by the cases relied on, the conclusion arrived at is warranted by reason and authority. The probabilities which arise from all surrounding circumstances, furnish inferential evidence of the fact sought to be established, which is entitled to some consideration, until overthrown by countervailing evidence.

As no evidence whatever was offered by the defendant, challenging the genuineness of the endorsement, nor any evidence tending to show that the plaintiffs were aware of any defence to the note, as the proof leaves the plaintiffs in the position of endorsees for value before maturity of negotiable paper, the proof, offered by

the defendant, of fraud, and failure of consideration, could not affect the plaintiffs, and was properly rejected.

The judgment is affirmed. Thompson, J., concurs; Lewis, P. J., is absent.