WALLACE CAVITT *et al.*, Appellants, v. WILLIAM M. THARP, Respondent.

### St. Louis Court of Appeals, March 27, 1888.

1. PROMISSORY NOTE—TITLE OF HOLDER.—Possession of an unindorsed promissory note by one other than the payee is no evidence of ownership in the holder.

2. —— —— DEFENCES NOT INCONSISTENT.—In a suit on a promissory note, the plea of payment is not inconsistent with a denial of the plaintiff's ownership, nor is it in any sense an admission thereof.

3. —— ――— VERDICT FOR DEFENDANT, WHEN PROPER.—Where the pleadings raise issues upon the plaintiff's allegations that they are the sole heirs of the deceased payee of the unindorsed notes sued on, and are, therefore, owners of the same, and that administration of the payee's estate has been closed and finally settled; and the plaintiffs at the trial rest their case upon the production of the notes in their possession, the jury are properly directed to find for the defendant.

APPEAL from the Clark Circuit Court, HON. BEN. E. TURNER, Judge.

*Affirmed.*

W. L. BERKHEIMER, for the appellants : The plaintiffs must show title to the notes, all of which we have done by alleging in the petition that the payee of the notes, since the execution of the same, died ; that an administrator was appointed ; that the administration has been closed ; that the plaintiffs are the only heirs of the payee of the note. This is not denied except by the general denial (which is not sufficient), especially when followed by a plea of payment, where the defence is, that the plaintiff is not the real party in interest, nor the holder and owner of the note sued on. The facts must be specially pleaded showing how and why the plaintiffs are not the owners and holders of the note. 1 How. Prac. 447. The general denial is not sufficient to raise the issue. Green & Meyer's Plead. and Prac., sec. 783 ; 7 Abb. Prac. 412 ; 1 Abb. Prac. 185. The plea of payment is a confession and avoidance. It confesses that a cause of action once existed, but is avoided by payment. Green & Meyer's Plead. and Prac., p. 302, sec. 788 ; *Thompson v. Kellogg,* 23 Mo. 281 ; *Bauer v. Wagner,* 35 Mo. 385 ; *Northup v. Trans. Co.,* 47 Mo. 435 ; *State v. Williams,* 48 Mo. 210 ; *Joy v. Cooly,* 19 Mo. 645. A plea of payment is inconsistent with a general denial. *Nelson v. Brodhack,* 44 Mo. 596. Does not the proof of these facts disprove the fact that the plaintiffs are not the owners of the note, the evidence of the debt which the defendant said he paid ? Different defences must be consistent. *Coble v. Daniel,* 33 Mo. 363 ; *Adams v. Trigg,* 37 Mo. 141 ; *Darrets v. Donelly,* 38 Mo. 492 ; *Atterberry v. Powell,* 29 Mo. 429 ; *Alexander v. Rawlins,* 14 Mo. 109 ; *Whelen v. Reily,* 61 Mo. 565.

MATLOCK, HILLER & HOWARD and WOOD & MONTGOMERY, for the respondent : The petition does not

state facts sufficient to constitute a cause of action. (1) It does not allege that an order of distribution had been made, nor that the notes had been assigned to plaintiffs, which is the only way plaintiffs could acquire title. Rev. Stat., sec. 212; *Chandler v. Stephenson*, 68 Mo. 450; *Stagg v. Linnenfelser*, 59 Mo. 336; *Cowgill v. Linville*, 20 Mo. App. 138; *Rousch v. Duff*, 35 Mo. 312. (2) The heirs have no right of action until distribution is made. *State to use v. Fulton*, 35 Mo. 323. (3) The notes sued on were made payable to J. Cavitt or order, and not endorsed by him or any one else. The introduction of the notes in evidence would not show title in plaintiffs, and are not even *prima-facie* evidence of title in them. *Dorn v. Parsons*, 56 Mo. 601. (4) The allegations in the petition, that plaintiffs are the owners and holders of the notes sued on, are conclusions of law. *Jaccard v. Anderson*, 32 Mo. 188; Bliss on Code Plead., secs. 232, 407. Our Supreme Court has held that a plea of *non est factum* and a plea of payment are not inconsistent defences. *Nelson v. Brodhack*, 44 Mo. 596. (5) The general rule is, that where the answer specifically denies the allegations in the petition, as in this case, the burden is on plaintiff to prove them. *Sturdevant v. Rehard*, 60 Mo. 152.

ROMBAUER, P. J., delivered the opinion of the court.

Upon the trial of this cause below the court instructed the jury to find for defendant, which they did. Judgment was rendered accordingly and plaintiffs appeal.

The only question presented is whether under the pleadings and evidence this judgment was a correct conclusion of law.

The action is brought upon two promissory notes executed by defendant. The one was payable to the order of J. Cavitt, and the other to the order of James Cavitt. Neither of the notes was endorsed by Cavitt. The only allegation of title in plaintiffs as shown by

their petition is the following averment: "That, on the —— day of ——, 18—, said James Cavitt died at the county of Clark, and state of Missouri, and left these plaintiffs as his sole heirs-at-law, and who, by virtue thereof, are now the holders and owners of said notes; that administration was had upon said Cavitt's estate, and the same has, long prior to the institution of this suit, been closed, and his estate been finally settled."

The defendant's answer was as follows: "Defendant, answering plaintiffs' petition, admits the execution of the notes sued on; admits the payment endorsed thereon; denies each and every allegation in said petition contained, or any knowledge or information thereof sufficient to form a belief, except as herein admitted. Defendant, further answering plaintiffs' petition, says that, long prior to the institution of this suit, he paid off and fully discharged the debts mentioned in said notes."

This answer was denied by replication.

Upon the trial plaintiffs introduced the notes in evidence and rested. The court thereupon, at defendant's request, gave the instruction hereinabove mentioned.

There was no error in this. The general denial in the answer of "each allegation in the petition except as herein admitted," was sufficient to put the plaintiffs upon the proof of their title, notwithstanding that the defendant set up an independent defence. *Sturdevant v. Rehard*, 60 Mo. 152.

The plea of payment was not inconsistent with the denial of plaintiffs' ownership, nor in any sense an admission thereof. *Non constat*, but the defendant may have paid the notes to the true owner. Under the decision of *Nelson v. Brodhack*, 44 Mo. 596, even the pleas of *non est factum* and payment are admissible as consistent pleas in the same answer, on the ground that the proof of one does not necessarily disprove the other. As there was no admission of ownership in plaintiffs,

either direct or implied, but, on the contrary, a distinct denial thereof, the plaintiffs had to prove ownership as a condition precedent to their recovery.

The production of the notes furnished no such proof. Possession, by one other than the payee, of a note payable to order, and unindorsed, is not even *prima-facie* evidence of title in the holder. *Dorn v. Parsons*, 56 Mo. 601. There was no evidence that the plaintiffs were the sole heirs of the payee, nor that administration on his estate had closed; nor that they received the notes as distributees; in fact, we cannot conceive on what theory the plaintiffs claim they were entitled to go to the jury, unless it be on the theory that the plea of payment in the answer was a confession of their title. This claim, as above seen, is untenable.

All the judges concurring, the judgment is affirmed.