| 42 | 355 |
|---|---|
| 51 | 217 |
| 42 | 355 |
| 58 | 199 |
| 42 | 355 |
| 63 | 292 |
| 42 | 355 |
| 97 | 2352 |

THE NATIONAL BANK OF COMMERCE, Appellant, v. G. W. PENNINGTON *et al.*, Respondents.

Kansas City Court of Appeals, December 1, 1890.

1. **Bills and Notes:** EVIDENCE AS TO PURCHASE. An indorsee of a negotiable promissory note must show that his purchase was made from the payee or his assignee.

2. ———: INDORSEMENT: EVIDENCE ALIUNDE. An indorsement itself of such note, unsupported by evidence *aliunde*, is not sufficient to show title in the indorsee.

*Appeal from the Cass Circuit Court.*—HON. CHAS. W. SLOAN, Judge.

AFFIRMED.

*Oscar W. Byram*, for appellant.

The court committed error in sustaining the demurrer to the evidence of plaintiff. The note was a negotiable one, for value received, was dated June 6, 1886, due October 1, 1888, payable to the order of Smith and Keating Implement Company, a corporation, for one hundred and forty dollars, at the Allen Banking Company, in Harrisonville, Missouri; interest ten per cent. with a property statement, and a waiver of protest, etc. Tiedeman on Commercial Paper, sec. 29e; *Schlesinger v. Arline*, 31 Fed. Rep. 648; *Stillwell v. Craig*, 58 Mo. 24.

*R. T. Railey* and *James T. Burney*, for respondents.

The petition alleged that the payees of the note sued on, "for value received, indorsed and delivered the same to plaintiff." The proof failed to sustain these allegations, and the demurrer to the evidence

was properly given.  *Bank v. Donnell*, 35 Mo. 373; *Dorn v. Parsons*, 56 Mo. 601; *Cavill v. Thorp*, 30 Mo. App. 133.

ELLISON, J.—This action is based on a negotiable promissory note, plaintiff claiming to be an indorsee for value in the usual course of business before maturity. A demurrer to plaintiff's testimony was sustained and plaintiff took a nonsuit.  After an unsuccessful motion to set same aside, it appeals here.

The court's action will have to be affirmed.  The testimony fails to show from whom plaintiff purchased the note.  The proof should show that the purchase was made from the payee or his assignee.  *Mechanics' Bank v. Donnell*, 35 Mo. 373.  The petition alleged that the note was indorsed by the payees and delivered to plaintiff.  The testimony is silent as to this allegation.  It should have been shown sufficiently to raise a *prima facie* case.  *Reinhard v. Coal Co.*, 25 Mo. App. 350.

II.  An indorsement purporting to be signed by the payees of the note was read with the note ; but an indorsement or assignment itself, unsupported by evidence *aliunde*, is not sufficient.

The judgment is affirmed.   All concur.