F. M. WORRELL, Respondent, v. T. S. ROBERTS *et al.*, Appellants.

St. Louis Court of Appeals, May 1, 1894.

Action on Promissory Note by Indorsee: PLEADING AND BURDEN OF PROOF. A general denial in an action on a promissory note by an alleged indorsee thereof puts in issue the plaintiff's title to the note and the genuineness of the indorsements. The plaintiff is, accordingly, not entitled to read the indorsements in evidence without proof of their authenticity, if proper objection is made thereto.

*Appeal from the Howell Circuit Court.*—HON. W. N. EVANS, Judge.

REVERSED AND REMANDED.

*Olden & Orr* for appellants.

(1) The general denial, though coupled with an independent defense, was sufficient to put in issue plaintiff's title. *Cavitt v. Tharp*, 30 Mo. App. 134. (2) An indorsement purporting to be signed by the payee of a note, unsupported by evidence *aliunde,* is not sufficient. *Bank v. Pennington*, 42 Mo. App. 355.

No brief filed for respondent.

ROMBAUER, P. J.—This is a suit upon a promissory note by the alleged indorsee against the makers. The petition is in the usual form, averring an indorsement and transfer of the note before its maturity by the payees to the plaintiff. The answer contains a general denial, and plea of failure of consideration of which the plaintiff had notice at the date of the alleged transfer to him. The answer was sufficient to put in issue the plaintiff's title to the note, and the genuineness of the indorsements. *Sturdevant v. Rehard*, 60 Mo. 152; *Cavitt v. Tharp,* 30 Mo. App. 131.

The cause was tried by the court without a jury. The plaintiff offered in evidence the note and the indorsements thereon, but offered no proof of the genuineness of the indorsements, although the note was payable to the order of the payees. The defendants objected to this proof, but the court overruled the objection, and the defendants excepted and still except. This being all the evidence in the case, the defendants asked the court to declare that the plaintiff could not recover. The court refused so to declare, and rendered judgment for plaintiff. The defendants appeal, and assign for error these rulings of the court.

The errors are well assigned. It was incumbent upon the plaintiff to show at least a *prima facie* title to

the note. *Reinhard v. Coal Co.*, 25 Mo. App. 350. He, failed to do this by reading the indorsements without any proof of their genuineness and against the defendants' objection. *National Bank v. Pennington*, 42 Mo. App. 355. The judgment is reversed, and the cause remanded. All concur.