EMILY SAVILLE, Appellant, v. DAVID L. HUFFSTETTER et al., Respondents.

63  273
92  196

Kansas City Court of Appeals, November 4, 1895.

1. **Bills and Notes**: PETITION: ANSWER: JUDGMENT ON PLEADINGS. A petition on a promissory note alleged that it was made and delivered to the plaintiff, Emily Saville, in the name of Marsh Saville, and that she was at the time of its execution and delivery the owner thereof and of the debt for which it was executed, and has ever since been the legal holder, etc. The answer was a general denial coupled with a denial of the execution that was not verified as the statute requires. The court gave judgment for the plaintiff on the pleadings. *Held*, error. As the note was given to Marsh Saville, plaintiff's ownership was put in issue by the general denial.

2. **Appellate Practice**: APPEAL FROM ORDER GRANTING A NEW TRIAL. Where, on a motion for a new trial, the trial court sets aside its judgment, the appellate court on appeal from the order will not confine its consideration to the grounds in the order of the trial court, but will consider any of the reasons assigned in the motion for a new trial.

*Appeal from the Holt Circuit Court.*—HON. CYRUS A. ANTHONY, Judge.

AFFIRMED.

*T. C. Dungan* for appellant.

(1) The court erred in granting defendants a new trial, for the reason that they did not bring themselves within the rule or show any legal causes therefor, or show any error on the part of the court rendering judgment on the pleadings. In fact, the court could do

nothing else, as all the facts set out in plaintiff's petition stood admitted by the answer. 1 R. S. 1889, page 577, sec. 2240. *Fretwell v. Laffoon*, 77 Mo. 26, and cases cited. *Holderman v. Jones*, 52 Kan. 743. 34, Kan. 352. (2) The trial court failed to specify of record the ground of new trial, and the order granting same should therefore be reversed. R. S. 1889, sec. 2241; Laws 1887, page 230. *Taylor v. Scherpe*, 47 Mo. App. 257; such provision is mandatory, and a failure to comply therewith, of itself, constitutes reversible error. *Taylor v. Agricultural Co.*, 47 Mo. App. 257; *Burke v. Kansas City*, 34 Mo. App. 570. (3) The action of a trial court in sustaining a motion for a new trial is no longer merely a matter of judicial discretion. Such action is now subject to legal review, and new trials can only be granted from substantial legal reasons. When such reasons do not appear, it is the duty of the appellate court to reverse the order for a new trial and cause the trial court to reinstate the verdict and render judgment thereon for the successful party in the trial court. R. S. 1889, sec. 2246, as amended by acts of 1879, p. 70; *Taylor v. Scherpe*, 47 Mo. App. 247.

*John W. Stokes* and *L. R. Knowles* for respondents.

(1) The statute requires only the execution of the instrument to be denied under oath. 1 Revised Statutes, 1889, section 2186. The petition contained the allegation that the notes sued on were executed to Marsh Saville for Emily Saville. The note itself contains no evidence that it was executed for Emily Saville. The defendants contended that, as the suit was brought by Emily Saville and the note containing no evidence that it was executed for her, this allegation was put in issue by the answer, and that the court erred in rendering judgment against the defendants and should have set

the same aside and granted the defendants a new trial *Klein v. Keys*, 17 Mo. 326; *Pope v. Risley*, 23 Mo. 135; *Hammerslough v. Cheatham*, 84 Mo. 13; *Carpenter v. Inhabitants of Lathrop*, 51 Mo. 483. (2) The appellate court has the right not only to examine the grounds set out in the motion for a new trial, but the entire record in the case, and, if satisfied that the trial court should have granted a new trial, such finding will not be disturbed. *Lovell v. Davis*, 52 Mo. App. 342; *Bank v. Armstrong*, 92 Mo. 265; *Hewitt v. Steele*, 118 Mo. 463. The appellate court will go further in upholding the rulings of the trial court in granting a new trial than in refusing a new trial for reasons that are apparent and will not disturb the action of the trial judge in granting a new trial if it can be sustained upon any grounds.

GILL, J.—This action is based on a promissory note, purporting to be signed by the defendants, D. I., W. F. and J. H. Huffstetter and payable in terms to the order of Marsh Saville. The petition alleges execution and delivery to plaintiff, Emily Saville, in the name of Marsh Saville" that "she was, at the time said note was executed and delivered, the owner of the same and of the debt for which the same was executed, and has ever since been and now is the legal owner and holder of the same," etc. The answer consisted of general denial of the allegations of the petition, and specifically denying the execution of the note, but said denial was not sworn to. On plaintiff's motion, the court entered a judgment in her favor on the pleadings. Thereupon, within four days, defendants filed their motion to set aside the judgment thus entered, setting out numerous reasons, and, among others, "that the court erred in rendering said judgment for want of answer; that there was an answer on file in said cause, putting

in issue all the issues in said cause, except the execution of said note.'' The court sustained this motion, without, however, designating the ground of such action. Plaintiff has appealed from the order granting a new trial.

I. A decision of this appeal rests upon the question whether or not the trial court, in the first instance, erroneously entered judgment for the plaintiff simply upon the state of the pleadings, as they were at that time. The trial judge, subsequent to rendering such judgment, was of the opinion that his former action was error and hence sustained defendant's motion for new trial.

In our opinion, the court committed error in its former action of giving judgment for plaintiff on the pleadings, and hence we approve the later order of setting such judgment aside and sustaining the motion for a new trial. Plaintiff seeks to recover on a note alleged to be executed by the defendants and on its face payable to a third party. She alleges, in effect, that, though the instrument is made to *Marsh Saville*, yet she, the plaintiff, is the owner and holder thereof. The answer attempts to deny every allegation of the petition, execution, and the plaintiff's ownership. But the statute has said (section 2186, Revised Statutes, 1889) that, unless the defendant, charged with the execution of the note sued on, shall deny such execution by answer verified by affidavit, then "the execution of such instrument shall be adjudged confessed." In this case the defendants failed to deny, under oath, the making of the note. Hence the execution of the note filed with the petition stood confessed. But this admitted fact did not make plaintiff's case. She was compelled, under the pleadings, to go further and prove her alleged title to the instrument. She had so declared in her petition, but the allegation was

denied by the defendants' answer. Conceding the genuineness of the note—its execution confessed—yet this only gave a right of action to the nominal payee, Marsh Saville. If the plaintiff had become, or had always been, as she alleged, the rightful owner, she should have adduced evidence to sustain her claim, since the answer denied the fact of her ownership. In the absence of such proof, the plaintiff must fail in her action. *Cavitt v. Tharp*, 30 Mo. App. 131; *Worrell v. Roberts*, 58 Mo. App. 197.

Regardless, now, of the reasons that may have actuated the trial court in sustaining the motion for new trial in the case at bar, we find good ground therefor, to wit, that the court erroneously awarded judgment for plaintiff on the pleadings, when there were left issues unconfessed and undetermined. Plaintiff's entire case was not confessed. And it is now well settled that this court will not confine its consideration in such cases to the grounds set out in the order of the lower court, setting aside its judgment, but, independent of such action, will consider any of the reasons assigned in the motion for new trial. *Lovell v. Davis*, 52 Mo. App. 342.

The judgment and order of the circuit court sustaining defendants' motion for new trial is affirmed. All concur.