EDWARD H. BOBINSON *et al.*, Respondents, v. EDWIN
POWERS, Appellant.

### Kansas City Court of Appeals, November 4, 1895.

1. **Bills and Notes:** PLEADING: EVIDENCE. An indorsee of the payee
of a promissory note sued the maker. The answer denied the indorse-
ment. *Held*, it was incumbent on the plaintiffs to show a *prima facie*
title to the note.

2. ———: INDORSEE: NOTICE: EVIDENCE: CONSIDERATION. The evi-
dence in this case is reviewed and *held* sufficient to send the case to
the jury on the question of notice on the part of the plaintiff, and
also on the question as to partial failure of consideration and the
reduction of the amount of recovery.

*Appeal from the De Kalb Circuit Court.*—HON. W. S.
HERNDON, Judge.

REVERSED AND REMANDED.

*S. G. Loring* for appellant.

Mayhugh was either a partner or an agent of the
plaintiffs in procuring said note. There is no pretense
that plaintiffs received said note *bona fide* before matu-
rity and for value. They stand exactly where Mayhugh
would have stood if he had brought suit on the note;
he could not have recovered, neither can plaintiffs.
*Johnson v. McMurry*, 72 Mo. 282; *Bank v. Stanley*, 46
Mo. App. 448; *Carson v. Porter*, 22 Mo. App. 184.

*Dowe, Johnson & Rusk* and *Casteel & Haynes* for
respondents.

(1) Appellant says there was a verbal agreement
between him and the agent of the insurance company
that he should not be charged the full price for the life

policy, but that he should have an accident policy and the life policy for the premium called for by the life policy; that he never received the accident policy; and that plaintiff had knowledge of these facts when they took the note. This is the defense relied on by the defendant. A sufficient answer to this defense is that under the stipulation and notice in the life policy, the agent had no right or authority to make such an agreement, and it would be of no effect if made. Cook on Life Insurance, p. 167; *Marvin v. Universal Co.*, 85 N. Y. 278; *Merserau v. Mut. Co.*, 66 N. Y. 274; *Mensing v. Ins. Co.*, 36 Mo. App. 602. Even between the parties to the note, then, appellant's pretended defense would be of no avail. (2) There is no evidence whatever that plaintiffs knew anything about the promise of the agent as to the accident policy. When Robinson and Mayhugh were at defendant's house, which was before the note was executed, the life policy was talked about, but nothing was said about the accident policy. Proof of knowledge of the specific facts that are relied on by defendant to impeach the note must be traced to plaintiffs. See cases cited in appellant's brief; also, *Mayes v. Robinson*, 93 Mo. 114.

SMITH, P. J.—This is a suit on a negotiable promissory note by the plaintiffs' indorsees, against the defendant maker. The answer denied the indorsement of the payee to the plaintiffs and further alleged fraud and total failure of consideration. There was no testimony whatever adduced by the plaintiffs, tending to prove the indorsement of the note to them. The plaintiffs' title to the note and the genuineness of the indorsement were sufficiently put in issue by the answer.

It was incumbent upon the plaintiffs to show a *prima facie* title to the note, without which they could

not recover. *Bank v. Pennington,* 42 Mo. App. 355; *Worrell v. Roberts,* 58 Mo. App. 197; *Cavitt v. Tharp,* 30 Mo. App. 131; *Reinhard v. Coal Co.,* 25 Mo. App. 350; *Sturdevant v. Rehard,* 60 Mo. 152.

Again, the uncontroverted testimony of the defendant was to the effect that he entered into a contract with Mayhugh, the payee in the note, whereby the latter agreed to deliver him a policy in the Equitable Life Assurance Society of the United States, for $5,000, to run twenty years, at an annual premium of $256.50; and also a paid up policy in some solvent and responsible insurance company for one year, by which policy said company would promise to pay the defendant, in case of physical injury during said one year, a weekly indemnity of $25, while incapacitated from labor by reason thereof, and in case of death, $5,000 to his mother, etc., in consideration of the delivery to said Mayhugh of a span of horses of the value of $125 and his promissory note, the same sued on, for $131.50; that in pursuance of the contract the defendant delivered to said Mayhugh the span of horses and the said note, but that said Mayhugh had utterly failed to deliver the said accident insurance policy, as he had agreed to do. It appears further from the testimony of defendant that one of the plaintiffs and Mayhugh first came to him and tried to make a trade with him in respect to the issue of a policy of life insurance to him. Defendant declined, saying that the policy was something new to him and that he would not make a trade until he could better understand the matter. Robinson, one of the plaintiffs, with Mayhugh, then said to defendant: "Well, if you conclude to write up a policy with us, Mr. Mayhugh will be back after a while, and any trade you make with him will be all right."

This, with the other evidence, was sufficient to justify the jury in deducing the inference of knowledge

or notice on the part of the plaintiffs of the transaction between Mayhugh and defendant and of the partial failure of the consideration of the note. It was, at least, sufficient to carry the case to the jury.

On a careful examination of the evidence, we have been unable to resist the conviction that the defendant, under his defense, was entitled to a reduction of the amount of the note to the extent of what would have been the cost of the accident policy, for which he had contracted and did not receive. If the indorsement of the note had been proved, as it appears it was not, then the defendant would have been entitled to a submission of the case to the jury on the evidence adduced by him.

For these reasons, we think the court erred in peremptorily directing a verdict for the plaintiff. The judgment will be reversed and the cause remanded.