## ST LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

## OCTOBER TERM, 1903.

*(Continued from Volume 104.)*

INA M. DUNLAP, Respondent, v. JOSEPH H. KELLY, Appellant.

Kansas City Court of Appeals, February 1, 1904.

1. **BILLS AND NOTES: Evidence: Indorsements.** In an action on a promissory note it is generally necessary that plaintiff prove the indorsements by evidence *aliunde*.

2. ——: ——: ——. However, where a plaintiff who is payee indorses and again comes in possession of the note he is not required to prove the indorsements.

3. ——: ——: ——: **Pleading.** But should such payee plead the indorsement from himself to his indorsee and the indorsee's transfer back to the payee he will be required to prove such indorsements, since he makes them a part of his title and should prove them as alleged.

4. ——: ——: ——: ——. Though such pleading of the indorsements be unnecessary, they become material when alleged and are not mere surplusage. (Cases considered.)

(1)

Appeal from Pettis Circuit Court.—*Hon. George F. Longan,* Judge.

REVERSED AND REMANDED.

*W. D. Steele* for appellant.

(1)   The court erred in giving the peremptory instruction asked by plaintiff, but should' have given the instruction asked by defendant.   A general denial in an action on a promissory note by an alleged indorsee thereof puts in issue the plaintiff's title to the note and the genuineness of the indorsements.   The plaintiff offered no proof of the indorsements on the back of said note and said indorsements were not read or exhibited to the jury.   Worrell v. Roberts, 58 Mo. App. 197; Bank v. Pennington, 42 Mo. App. 355; Mayer v. Old, 51 Mo. App. 214; Saville v. Huffstetter, 63 Mo. App. 273; Robinson v. Powers, 63 Mo. App. 290.   (2)   The petition alleges that plaintiff was the payee in the note sued on and endorsed said note to one W. O. Dunlap, who in turn' indorsed said note back to plaintiff.   Plaintiff utterly failed to prove any of said indorsements and did not prove that plaintiff was the owner of said note at the time suit was brought; all the testimony tending to prove these facts was stricken out by the court on motion of defendant's attorney.   An endorsee of a negotiable promissory note must show that his purchase was made from the payee or his assignee. The indorsements on a note do not prove themselves, but must be supported by evidence *aliunde.*   Bank·v. Pennington, 42 Mo. App. 355; Spears v. Bond, 79 Mo. 471, and cases cited; Mayer v. Old, 51 Mo. App. 214.

*Sangree & Lamm* for respondent.

(1)   The plaintiff, being the original payee of the note, and having custody thereof, as holder, was entitled to recover without any proof of the indorsement by her to W. O. Dunlap, and by him back to her, and regardless of the same. She had the right to strike out said indorsements and ignore them as *functus officio*. (2)   But, if essential to prove indorsements, they were in fact proved; for an indorsement may be proved, in the absence of objection, by oral testimony. See Moore v. Hubbard, 42 N. E. Rep. 922 (Ind. App., Feb. 11, 1896), directly in point.   (3)   There is a class of cases which hold that where an indorsement is material to the title of the indorsee, and same is denied, it must be proved. For example: Worrell v. Roberts, 58 Mo. App. 197; Bank v. Pennington, 42 Mo. App. 355; Mayer v. Old, 51 Mo. App. 214. But all of these cases and others of that class were cases where the notes were held by strangers to the face of the paper and hence are not in point; besides that, these cases must be read with the other class, holding that a bill payable to order will pass by mere delivery, without indorsement, subject to the infirmity of being open to all equities and defenses in favor of payor. Boeka v. Nuella, 28 Mo. 180; Bishop v. Chase, 156 Mo. 158; Weber v. Orton, 91 Mo. 677; Patterson v. Cave, 61 Mo. 439.

ELLISON, J.—Plaintiff sued defendant on a negotiable promissory note and on peremptory instruction from the trial court a verdict was rendered for her.

The plaintiff was the payee in the note and the petition alleged that she transferred it in writing on the back thereof to W. O. Dunlap. That afterwards, said W. O. Dunlap transferred it in writing on the back thereof to plaintiff. That she was the legal owner of the note, etc. The answer was a general denial. At

the trial plaintiff made no proof of these endorsements. Thereupon counsel for defendant made the point that plaintiff had not proven the case stated in the petition and offered a demurrer to the evidence, which the court refused, and gave a peremptory instruction to find for plaintiff.

Generally, a plaintiff should be required to prove the endorsements on the note; and should make such proof by evidence *aliunde* the endorsements themselves. Nat'l Bank v. Pennington, 42 Mo. App. 355; Worrell v. Roberts, 58 Mo. App. 197; Mayer v. Old, 51 Mo. App. 214; Saville v. Huffstetter, 63 Mo. App. 273; Robinson v. Powers, 63 Mo. App. 290.

But, by way of exception to the rule just stated, plaintiff contends that where the plaintiff is the payee of the note which he has parted with by endorsement and which finally comes back to him through one or more transfers, his possession thereof raises a prima facie title, which will suffice, without proof of the endorsements out of him and back to him again, unless the defendant makes a showing that he is not the owner. In this the plaintiff is right, and doubtless such view of the law guided the trial court in its action on the instructions. The law is clearly stated by the Supreme Court of the United States as follows: . . . "If any person who endorses a bill of exchange to another whether for value, or for the purpose of collection, shall come to the possession thereof again, he shall be regarded, unless the contrary appear in evidence, as the bona fide holder and proprietor of such bill, and shall be entitled to recover, notwithstanding there may be on it one or more endorsements in full, subsequent to the one to him, without producing any receipt or endorsement back from either of such endorsees, whose names he may strike from the bill, or not, as he may think proper." Dugan v. United States, 3 Wheat. 172. The same ruling was made by our Supreme Court in Glasgow v. Switzer, 12 Mo. 395. The same statement of the law is made in 2

Daniel on Neg. Int., section 1198, and in 2 Randolph on Com'l Paper, sections 715, 716, 717, and 719.

But the point, as made by defendant, involves plaintiff's petition on which the sufficiency of the case made by her must be determined. As already stated, the plaintiff *pleaded* the endorsements and transfers of the note and having done so, though unnecessarily, she must prove the allegations. They can not be rejected as surplusage as suggested by plaintiff. Concerning the rule which governs what may be termed immaterial allegations and distinguishes them from mere surplusage, it is said: "The statement of immaterial or irrelevant matter of allegations, is not only censured, as creating unnecessary expense, but also frequently affords an advantage to the opposite party, either by affording him matter of objection on the ground of variance, or as rendering it incumbent on the party pleading to adduce more evidence than would otherwise have been necessary. It is therefore of the greatest importance in pleading to avoid any unnecessary statement of facts, as well as prolixity in the statement of those which may be necessary. If a party take unto himself to state in pleading a particular estate, where it was only required of him that he should show a general or even a less estate, title or interest, the adversary may traverse the allegation, and if it be untrue, the party will fail." 1 Chitty on Pleading (p. 325), 252.

In Savage v. Smith, 2 Bl. Rep. 1101, the action was against the sheriff. The declaration stated a judgment and execution. The latter was proven but the former was not. It was held that though unnecessary to aver the judgment, yet it having been done, it should be proved.

In Bristow v. Wright, Douglas (2 pt.), 665, the action was against the sheriff for taking goods without leaving a year's rent. The declaration needlessly stated the particulars of the demise, and it was held that they must be proved as stated. So if the averment be

made that a person was arrested under a writ endorsed for bail by virtue of an affidavit: The affidavit must be produced, though it was not necessary to allege it. Webb v. Herne, 1 Bos. & Pul. 281.

Lord Kenyon stated the rule in language particularly applicable to this case. After remarking: "Good sense will reconcile all the authorities," he said: "If the plaintiff allege anything which forms a *constituent part of his title* he must set it out correctly" and prove it as alleged. Gwinney v. Phillips, 3 Durnford & East, 643; s. c., 3 T. R. Coming nearer to the identical question in this case we find that in Wayman v. Bend, 1 Campb. 175, there was a note payable to A. B. or bearer. Being payable to bearer it was not necessary to allege that A. B. endorsed it to the plaintiff, but he made the allegation, and it was held that he could not recover without proving it. That case was cited with approval in Buddington v. Shearer, 20 Pick. 477, where it was held that under a statute making the owner *or* keeper of a vicious dog liable for damages done by such dog; if the petition needlessly alleged that the defendant was both owner and keeper, both must be proved.

In a suit on a contract in New York, it was necessary to plead the consideration except where the instrument acknowledged such consideration. In Jerome v. Whitney, 7 Johns. 321, the note sued on was expressed to be for "value received" and it was therefore unnecessary to plead the particular consideration. But the pleader saw fit to allege it and it was held that having done so, he was bound to prove the averment. See also Walrad v. Petrie, 4 Wend. 575.

Where mere foreign matter, irrelevant, not relating to the issue or issues involved, is alleged, it may be disregarded. But, in actions on contracts where immaterial matter is alleged which connects with plaintiff's right to maintain the action, or his title to the subject thereof, such immaterial matter is not mere surplusage.

Some confusion can be avoided by a proper understanding of what is meant by the word "immaterial." At first thought it seems peculiar that one should be required to prove an immaterial thing. But the meaning is that the thing pleaded is unnecessary to plaintiff's action—that he could have succeeded without reference thereto, but when he sees fit to set forth such matter, then it becomes material. It is an immaterial thing made material by the act and choice of the pleader. So, going back to the quotation from Lord Kenyon; if the matter alleged constitutes a part of the plaintiff's right or of his title, it must be proven however unnecessary it may have been to allege it. The case at bar is as good an illustration as need be found. Plaintiff claims title to the note in suit. It being payable to her and in her possession, it was wholly immaterial that she had transferred it and that it had subsequently been transferred to her again. She being the payee in possession, these facts would have given her a prima facie right which the defendant would have been compelled to meet. But at the same time, the endorsements out of her and back to her, were really constituent parts of her title and she chose to set them out as the particular title by which she held the note. She must therefore prove them as stated.

This rule ought not to be looked upon as technical. It is denied to be so by eminent judges. It begets brevity in pleading, by avoiding what is sometimes lengthy and confusing statements of unnecessary matter. Lord Mansfield stated in Bristow v. Wright, supra, that it "stood upon the best footing; for it prevents the stuffing of declarations with prolix and unnecessary matter, because of the danger of failing in the proof." And he adds that it is a rule which results in the protection of a defendant. For when such allegations are made he prepares his defense, frequently at much trouble and expense, with reference to the special matters stated as the foundation of plaintiff's right. It is highly proper that a plaintiff should be required to make good the

challenge he puts forth. It is a burden which tends strongly to induce him to omit the statement of everything not necessary to his cause of action.

The judgment will be reversed and the cause remanded. The other judges concur.

