## HARDESTY, Respondent, v. NEWBY, Appellant.

1. Where a mature negotiable promissory note is delivered by the payee without endorsement to an agent for collection, the possession of the note by the latter will not raise a presumption that he has authority to assign the same ; the burden of proving an assignment by authority of the payee rests upon the party claiming under such alleged assignment.

*Appeal from Weston Court of Common Pleas.*

This was an action on a negotiable promissory note for two hundred and twenty-eight dollars, dated March 10, 1858, and payable one day after date. The note was drawn payable to the order of A. W. Mason. The plaintiff in his petition alleged that said Mason, by his duly authorized agent, had assigned said note to plaintiff. The defendant admitted the execution of the note by himself, but denied the assignment, and alleged that Mason had notified him not to pay the note to plaintiff. It appeared that Mason had delivered the note, some time after maturity, to one Love for collection ; that Love had no express authority to assign or transfer said note ; that Love assigned said note to plaintiff

by writing on the back thereof as follows : " A. W. Mason, by W. R. Love." The court, at the instance of the plaintiff, gave the following declarations of law : " The law presumes that the plaintiff acquired the bill or note in the usual course of business for a valuable consideration, also that the endorsement was made by a person legally entitled to endorse and transfer the same. 2. If the plaintiff procured the note from an agent of Mason who had no authority to transfer the same, yet plaintiff is entitled to recover on the same unless the defendant proves that fact and that plaintiff had knowledge of the fraud; he is entitled to hold the same and recover on it as against the true owner. 3. If the court should believe that the party who sold the note was only an agent and had no right to transfer the note, yet his transfer is good as against the real owner unless the defendant proves that plaintiff had knowledge of the facts at the time he purchased the same." Declarations of law asked by defendant were refused by the court. The court found for plaintiff.

*J. N. & C. F. Burnes,* for appellant.

I. The declarations of Love were inadmissible to prove the fact of agency. An agent authorized to collect is not authorized to sell and endorse. The onus was on plaintiff to prove the assignment. (10 Mo. 33.) The note was assigned or attempted to be assigned by Love after maturity. The law does not presume that the plaintiff acquired it in due course of business. (2 Greenl. § 639 ; 3 B. & Cr. 45 ; Byles on Bills, 93.) The law does not presume that the endorsement was made by a person legally entitled to endorse and transfer. (7 Mo. 544 ; 9 Mo. 657 ; 9 Mo. 758.)

*Doniphan & Lawson,* for respondent.

I. The possession of the note by Love, the same being negotiable, was sufficient to authorize him to transfer the same to an innocent purchaser for value. (Bay v. Coddington, 5 Johns. Ch. 52.) Mason recognized and ratified the act of Love.

NAPTON, Judge, delivered the opinion of the court.

This was a suit upon a negotiable note, purchased by the plaintiff from one Love, who professed to be the agent of the payee, Mason, and who, in that capacity, endorsed it to plaintiff. It appeared that Mason handed the note to Love for collection, and Love had no express authority from him to sell or transfer it by assignment. The court held that the mere possession of the note by Love raised a presumption that he had authority to pass title, and that it was incumbent on the defendant, who was the maker of the note, to show that Love was not authorized to transfer the note and that this want of authority was known to the plaintiff.

This view of the subject is, in our judgment, erroneous. A negotiable note, after due and without any endorsement by the payee, occupies, so far as this question is concerned, no other position than a note not negotiable would. A party buying such paper from a stranger professing to be an agent of the payee, must establish the agency. Such agency may undoubtedly be either express or implied, but the mere circumstance of possession, when the note is not endorsed in blank, can raise no presumption either way. The natural and reasonable inference would be that the note was in the hands of such an agent merely for collection; for if a transfer had been designed by the owner of the note, he would of course put his name on the back of it.

The case of Bay v. Coddington, 5 John. C. R. 50, does not maintain any principle conflicting with this view. The notes, in that case, were endorsed in blank, and the court held that if they had been transferred in the usual course of trade and without any notice in the purchaser of the fraud of the agent or factor, a good title would have passed. But as the transaction was not regarded as a fair one, the transfer was not considered valid. This case and others of a similar character are cases of the transfer of negotiable paper, endorsed in blank by the payee, or payable to order. The title in such cases is held to pass where there is no fraud upon the part

of the purchaser, however destitute of authority may be the agent from whom the title is acquired.

In the present case, it devolved on the plaintiff, as he held the note by assignment, to prove the assignment; and as it purported to be executed by an agent, the further proof of agency was necessary. In many cases, very slight proof will establish this, owing to the previous dealings or relations of the parties. Here there was nothing to show an authority, either express or implied, but the bare circumstance of possession—a fact which could properly lead to no other conclusion than that the agent was an agent for collection and not for a sale of the note.

Judgment reversed and case remanded. The other judges concur.