Dorn, et al. v. Parsons, Adm'x.

A. J. DORN, *et al.*, Appellants, *vs.* SARAH PARSONS, Adm'x of B. PARSONS, Respondent.*

1. *Notes—Possession—Ownership.—* The possession of a note, not payable to bearer, nor indorsed in blank by a third person, is not even *prima facie* evidence of ownership.

*Appeal from Newton Circuit Court.*

*J. E. Vickery*, for Appellants.

ADAMS, Judge, delivered the opinion of the court.

The plaintiffs presented to the Probate Court of Newton county a demand against the estate of Baldwin Parsons, deceased, for allowance. That court refused to allow the claim, and the plaintiffs appealed to the Circuit Court. The demand referred to was a note, which reads as follows:

"One day after date, I promise to pay N. A. Birkey, forty-four dollars and seventy cents, with interest at ten per cent. for value received, this 27th Dec. 1860.

"Signed,                          BALDWIN PARSONS."

On the trial of the case, the plaintiffs offered evidence tending to show that Baldwin Parsons had executed the note; but gave no evidence whatever to prove their ownership of the note. They offered in evidence an affidavit which one of the plaintiffs had filed, to the effect that they had given the estate credit for all just payments and offsets to which it was entitled, and that the balance claimed was justly due. This affidavit was rejected, and plaintiffs excepted.

The court found for defendant, and disallowed the claim; and the plaintiffs filed a motion for a new trial, which was overruled.

There seems to be nothing in this case to justify this appeal. It is urged here, that there was no dispute as to the plaintiffs being the owners of the note, and that the note had been executed by Parsons to Birckey. The record does not bear out this assumption. There was no proof at all of ownership. The possession of a note payable to bearer, or indorsed in blank, would be *prima facie* evidence of ownership. But the possession of such a note as this is no evidence at all of ownership.

[*This and the case following should have gone in on p. 45, but they were overlooked until too late.]

. I do not see upon what ground the affidavit was offered as evidence. Such an affidavit is not intended to be used as evidence; but is a pre-requisite required to be made before the court can allow the claim, or even hear any evidence at all in regard to it. An affidavit may be used for that purpose, or the oath of the claimant in open court. (1 Wagn. Stat., 103, § 12.)

Judgment affirmed. Judges Vories and Napton concur. Judges Wagner and Sherwood absent.