Barnett v. Ringgold, &c.

CASE 51—EQUITY—MAY 23, 1882.

# Barnett v. Ringgold, &c.

### APPEAL FROM MADISON CIRCUIT COURT.

1. A payment by the obligor of a note, indorsed by the obligee to "the Madison Bank of Richmond for collection," to an unknown holder or stranger who had no right to collect it, is made at the obligor's risk.

2. If the note had been indorsed in blank, or been made payable to the bearer, the case would be different.

SMITH & MASON FOR APPELLANT.

It is clearly shown that appellant paid the note, tore his name from it, and filed it with his other papers. The presumption is strong that he paid it to the proper person. The proof upon that point is certain.

C. F. & A. R. BURNAM FOR APPELLEES.

1. The note is indorsed by the appellee to "the Madison National Bank for collection," and by some mistake found its way into the possession of appellant.

2. If appellant paid the note at all, he paid it in the face of the indorsement to a person not authorized, either as owner of it or agent for any other person or corporation, to collect it. The payment is void. (Daniels on Negotiable Instruments, vol. 1, secs. 573–576; Ib., vol. 2, sec. 1230; Porter v. Cushman, 19 Ill., 572.)

JUDGE HARGIS DELIVERED THE OPINION OF THE COURT.

The appellees held a note on the appellant for the sum $243.13, dated March 30th, 1880, and due sixty days after date.

This was an action on that note by the appellees who allege, in substance, that the appellant executed the note and has never paid it, but has possession of it, which he obtained through the mistake of one of the employés of appellees, who indorsed it to the Madison National Bank of Richmond, Kentucky, for collection, and through inadvertence, addressed the letter in which he had inclosed it to the appellant instead of to the bank. The appellant pleaded

payment of the note in the ordinary course of business, and denies that the note was sent to him by mistake.

The evidence of the appellees and their employés, and of the bank and its officers and employés, establishes the fact that none of them collected or received payment of the note, and raises a strong presumption that the note was sent to the appellant through mistake, and that he thus obtained possession of it without payment. But however this may be, the law relative to the payment of such paper so inclosed conclusively settles the rights of the parties. The appellant claims that he paid the note to a stranger or a person known to him at the time, but whose name he has since forgotten. The note was made payable to the order of the appellee at the Madison National Bank, Richmond, Kentucky. When it came to the hands of the appellant it bore this indorsement, to-wit:

"Pay to Mad. Natl. Bk. of Richmond, Ky., for collection.                         F. G. RINGGOLD & Co."

This was a special authority to the bank authorizing it to make the collection of the note, and, according to authority, the bank, or its agents authorized to act for it, were the proper parties to whom the payment should have been made, and by whom the note could have been legally presented for payment, subject to the right of interference of the appellees by revocation or otherwise. Had the supposed holder to whom appellant contends he paid the note produced it indorsed in blank, or had the note been payable to bearer, either would have been sufficient evidence of his right to present it and receive the payment. But the payment by the appellant to an unknown holder or stranger who had no right to collect it, either as agent in fact or *bona fide* owner, in the face of the special indorsement to the

bank for collection by the appellees, was made at his own risk, as the possession with such an indorsement was notice to him that none but the bank or its agents, or the appellees and their agents, were authorized to present the note or receive the money thereon.

The appellees adopted the natural and proper method of informing the appellant of the fact that they had constituted the bank their agent for collection, and had he taken the precaution which ordinary prudence dictates, and read the indorsement plainly written upon the back of the note, he could have ascertained whether the person presenting it was the proper person to whom payment should have been made; and having paid the note to a fraudulent holder, if, indeed, he paid it to any one, the appellant must suffer the loss because he took the risk.

Wherefore the judgment is affirmed.