ISABELLA HAIR, Executrix, etc., Appellant, v. R. J. EDWARDS et al., Respondents.

**Kansas City Court of Appeals, January 4, 1904.**

1. **BILLS AND NOTES: Possession: Ownership.** The general rule that possession of personal property implies ownership does not apply to negotiable promissory notes not payable to bearer or holder. Tapley v. Herman, 95 Mo. App. 537, limited.

2. ———: ———: ———: **Deceased Holder.** Possession of a note not payable to bearer nor indorsed in blank, is not *prima facie* evidence of ownership, but the presumption is that it belongs to the payee; nor is the rule different where such paper is found in the effects of a deceased person.

Appeal from Linn Circuit Court.—*Hon. John P. Butler*, Judge.

AFFIRMED.

*West & Bresnehen* for appellant.

(1) The note in suit was produced in evidence by the executrix of R. M. Hair, from which fact it may

fairly be inferred that the note belonged to R. M. Hair at the time of his death. (2) Evidences of debt of all kinds, found in the possession of a decedent at the time of his death, raise the presumption that the decedent was the owner of such evidences of debt at the time of his death.    11 Ency. L. (2 Ed.), p. 829, footnote 1; Robbins v. Robbins (Ky. 1886), 1 S. W. 152; Karsch's Estate, 133 Pa. St. 84, 153 Pa. St. 397, 32 W. N. C. (Pa.) 173.    (3) Aside from all inferences and presumptions of law, the evidence in this case shows, as a matter of fact, that R. M. Hair, deceased, was the owner and holder of the note at the time of his death, and that the respondent, Edwards, so regarded and treated him.

*A. L. Pratt* and *Burns & Burns* for respondent.

(1)    The possession of a note, not payable to bearer, nor indorsed in blank by a third person, is not even prima facie evidence of ownership.    A. J. Dorn v. Sarah Parsons, 156 Mo. 601-602; Cavitt v. Tharp, 30 Mo. App. 131-135; State v. Stebbins, 132 Mo. 337-338; Tiedeman on Commercial Paper, sec. 303; 1 Daniel on Negotiable instruments (3 Ed.), p. 517, sec. 574; p. 591, sec. 664a, and p. 686, sec. 741; 17 L. R. A., p. 327, footnote; Richardson v. Drug Co., 92 Mo. App. 526; Rice v. McFarland, 41 Mo. App. 489; Bowers v. Johnson, 49 N. Y. 435.

BROADDUS, J.—This suit was begun in a justice's court where it was tried and appealed to the circuit court, where it was again tried; and the judgment being against the plaintiff she appealed to this court.

The action is founded upon a negotiable promissory note executed by defendants and made payable to one J. M. Johnson, dated March 15, 1901, and payable in thirty days after date.    There is no indorsement of the note and no written transfer of any kind to R. M. Hair, the plaintiff's testator who died in November of

said year. It was shown at the trial that the note in question was delivered by the executrix to T. M. Bresnehen, her attorney, for collection, but there is no direct evidence that Hair died with it in his possession; however it may be reasonably inferred from all the testimony that such was the fact.

N. E. Wannamaker testified as follows: "I was one of the appraisers and clerk of the appraiser at the time the inventory of the estate of Richard Hair was taken. After that time, I think I was representing the plaintiff as executrix of her husband's estate with reference to the collection of this note, and all of the notes. I interviewed the defendant Edwards with reference to the note in controversy sometime along in February. I was in Mr. Brinkley's office and Mr. Edwards was there. I told him, Mr. Edwards, that Mrs. Hair had asked me to ask him when he would pay that note and he said that he was pushed now and that it would not be convenient for him to pay it now, but long about the first of June he said he would begin paying the note about $40 per month until it was paid. In about a month or two afterwards I met Mr. Edwards and he said: 'I made payments on that note, I hold receipts for payment on that note.' He walked with me up to Mrs. Hair's house. Mrs. Hair and Mr. Hays, were there; he showed them this receipt. He said he got the receipt from R. M. Hair. He also said: 'I hold two other receipts which I have not with me.' He said Mr. Hair had brought a man and introduced him as J. M. Johnson and those receipts were obtained from that man and he wanted credits for those receipts. He did not make any objection to paying the balance, simply claimed to have some receipts." Wannamaker further testified that he did not have the note at the time of said conversation and the same was not exhibited to defendants. Edwards also told Davis Hays about three months prior to the death of Hair that he still owed him about $173 or $175 on the note.

At the conclusion of plaintiff's testimony the jury at the direction of the court returned a verdict for the defendants.

The declaration of one of the defendants to witness Hays before the death of Hair that he owed Hair the note and to witness Wannamaker that he would pay the note, less certain credits which he claimed, were scarcely evidence of ownership. They were more in the nature of admissions of the debt. Such declarations would not be evidence in a controversy between plaintiff and Johnson the payee of the note as to the question of ownership. And the statement of defendant that Hair in his lifetime brought a man and introduced him as J. M. Johnson, who gave his receipts for payments made, is as consistent with Johnson's ownership of the note as with that of Hair's. It would be a reasonable inference from such facts that Hair was only acting as Johnson's agent for collection. It seems therefore that the case must either stand or fall upon the theory of plaintiff that Hair having died in the possession of the note the law raises the presumption or the inference that he was the owner.

The general rule it is true is, that possession of personal property implies ownership but this rule does not apply to negotiable promissory notes not payable to bearer or holder. Plaintiff relies much on the case of Cummings' Estate, 153 Pa. St. 397. But there the deceased had been in possession of certain canal loan bonds for more than thirty years and for twenty-one years after they had been registered in the name of claimant's husband who during all said time had made no claim whatever to their ownership. These bonds we presume were payable to bearer as bonds of like character usually are and in that respect differed from the note in suit. The court held that under the facts the presumption was that the deceased was the owner. But the decision of the case was not based upon the mere

fact that the bonds were in the possession of deceased at the time of his death.

Other cases cited by plaintiff have no application save that of Tapley v. Herman, 95 Mo. App. 537, wherein, in speaking of the note in controversy, the court says: "The paper itself was produced in evidence by plaintiff as the executor of Hosea Tapley. From that fact it may be fairly inferred that the document belonged to Hosea at the time of his death." The note was made payable to Whose Tatley instead of Hosea Tapley and the evidence went to show that Hosea Tapley was the person intended, and the decision of the court that it was competent to so show is good law, but the dictum that mere possession of a promissory note by an executor is a fact from which ownership may be inferred is not supported by any of the textwriters or by the decisions of any of the courts so far as we have been able to examine.

The general rule is, that the possession of a note not payable to bearer nor indorsed in blank by a third person is not prima facie evidence of ownership. Dorn v. Parson's Admr., 56 Mo. 601. And "the possession of an unindorsed note does not relieve the holder from the presumption that the note still belongs to the payee." Rice v. McFarland, 41 Mo. App. 489; Richardson v. Drug Co., 92 Mo. App. 515; Tiedeman on Com. Pap., sec. 303, p. 524; 1 Daniels on Neg. Inst. (3 Ed.), secs. 574, 664a, 741. It is not denied that this is the general rule, but that the rule is different where such paper is found in the effects of a deceased person, for the reason that as he can no longer speak the maker ought to be required to show the truth of the matter. This theory leaves out of consideration the statute, which also closes the mouth of the maker, thus prohibiting him from doing that which plaintiff insists he should do.

For the reasons given the cause is affirmed. All concur.