LUTHER E. WADE et al., Respondents, v. CHARLES BOONE, Appellant.

St. Louis Court of Appeals, June 20, 1914.

1. **BILLS AND NOTES:** Action on Assigned Note: Necessity of Proving Assignment. In an action on a promissory note, the ownership of which plaintiff claimed by virtue of an assignment purporting to have been executed by the payee's agent, it was error to admit the note in evidence, over defendant's objection, without proof of the assignment and of the authority of the agent to make it.

2. ————: ————: Possession as Evidence of Ownership. The possession of a promissory note payable to order, by one other than the payee, is no evidence of ownership in the holder, where the same is unindorsed.

3. **PRINCIPAL AND AGENT:** Authority of Agent: Evidence. In an action on a promissory note, the ownership of which plaintiff claimed by virtue of an assignment purporting to have been executed by the payee's agent, evidence by the person who executed the assignment, that he presumed he would be considered an agent of the payee, was a mere conclusion and was not sufficient to prove that he was clothed with authority to indorse or assign commercial paper belonging to the payee.

4. ————: ————: Sufficiency of Evidence. In an action on a promisory note, the ownership of which plaintiff claimed by virtue of an assignment purporting to have been executed by the payee's agent, evidence *held* insufficient to show that the person who made the assignment was the agent of the payee or was authorized to make the assignment.

5. **BILLS AND NOTES:** Lex Loci Contractus. A promissory note which is executed in another State and is made payable there is controllable by the laws of such State.

6. **EVIDENCE:** Judicial Notice: Laws of Illinois. The court will take judicial notice that the common law was once in force in Illinois.

7. ————: Presumptions. The common law having once been in force in Illinois, there is a presumption that it has continued to be in force.

8. **COMMON LAW:** Laws of Other States: Rules of Decision. Where a decision turns upon the construction of the common

Wade v. Boone.

law of a sister State, the courts of this State will follow precedents that obtain in this State, in declaring the rules applicable to the particular transaction, but will not apply local statutes.

9. **EVIDENCE: Judicial Notice: Laws of Other States.** The court will not take judicial notice of the statutes of another State.

10. **PRINCIPAL AND AGENT: Existence of Agency: Burden of Proof.** The burden of proving agency rests upon the party affirming its existence.

11. ———: ———: **Evidence.** No presumption is to be indulged that a person is authorized to act as agent for another, from the mere fact that he assumes to act in such capacity.

12. ———: ———: **Bills and Notes.** The fact that an agent is authorized to collect a note does not give him authority to assign it.

13. ———: ———: **Jury Question.** Where the existence of an agent's authority is conflicting, the question is generally one for the jury, guided by proper instructions.

Appeal from Stoddard Circuit Court.—*Hon. W. S. C. Walker*, Judge.

REVERSED AND REMANDED.

*Mozley & Woody* for appellant.

(1) There is no evidence in this record even tending to prove that J. E. Parrish was the agent of Ruth C. O'Connor with power and authority as such to assign the note in suit to respondents. Hardesty v. Newby, 28 Mo. 567; Paper Mfg. Co. v. Bank, 199 Ill. 151; Jackson v. Bank, 92 Tenn. 154; Goodfellow v. Landis, 36 Mo. 168; Quigley v. Bank, 80 Mo. 289; Smith v. Johnson, 71 Mo. 282; Cannon v. Gibson, 162 Mo. App. 386; Groneweg & Schoentgen Co. v. Estes, 144 Mo. App. 418; 31 Cyc. 1373; Graham v. U. S. Savings Institution, 46 Mo. 186; Lime & Cement Co. v. Clore, 153 S. W. 542. (2) The note was made payable to the order of Ruth C. O'Connor and the title

thereto could be vested in respondents only by indorsement by Ruth C. O'Connor, or by her agent, duly authorized, accompanied by delivery thereof during her lifetime. Laws of Mo. 1905, sec. 30, page 247; R. S. 1909, sec. 10001; R. S. Ill. 1903, sec. 4, chapt. 98; Sublett v. Brewington, 139 Mo. App. 410; Lowrey v. Danforth, 95 Mo. App. 39. (3) This note was executed and, by its terms, made payable in the State of Illinois. The law of that State controls its validity, interpretation and legal effect, and the rights and liabilities of the parties are governed thereby. The failure of respondents to have the note allowed against the estate of Edwin Boone, in the county court of Edgar county, Illinois, within two years after grant of letters of administration on his estate, released appellant from any liability thereon. Kavanaugh v. Royal League, 158 Mo. App. 234; McKinstry v. Railroad, 153 Mo. App. 546; Brown v. Worthington, 162 Mo. App. 508; R. S. Ill. Chapt. 132, sec. 3; Huddleston v. Francis, 124 Ill. 195. (4) The allegations of respondents' petition were denied by the answer of appellant, and the burden of proof rested with respondents. The evidence adduced to sustain this burden and to make a prima-facie case was, with the exception of the note itself, oral. Appellant then had the right to go to the jury on the issue of fact submitted, and it was error for the court to direct a verdict for respondents. Harrison v. Railroad, 50 Mo. App. 332; Davidson v. Railroad, 164 Mo. App. 407; Dyer v. Terrell, 142 Mo. App. 467; McCrosky v. Murray, 142 Mo. App. 133; Link v. Jackson, 158 Mo. App. 63; Hugumin v. Hinds, 97 Mo. App. 346; Seehorn v. American National Bank, 148 Mo. 256; Hilgedick v. Gruebbel, 151 S. W. 731; Hancock v. Railroad, 163 Mo. App. 269. (5) The court should have granted appellant new trial on the ground of newly-discovered evidence, and because it committed error in giving the peremptory instruction for plaintiff. Parker-Washing-

ton Co. v. St. Louis Transit Co., 131 Mo. App. 508; Longdon v. Kelly, 51 Mo. App. 572; Standard Investment Co. v. Hoyt, 164 Mo. 124; State v. Bailey, 94 Mo. 311; Furniture Co. v. Warren C. & I. Co., 127 Mo. App. 312; Allen v. Railroad, 151 S. W. 762; State v. Speritus, 191 Mo. 24.

*Taylor R. Young, George Munger* and *Wammock & Welborn* for respondent.

(1) There is ample evidence that J. E. Parrish was the agent of Ruth C. O'Connor with power and authority to assign the note in suit to respondents. 31 Cyc. p. 1381. The allowance of ten per cent was proper. 8 Cyc. p. 322; Farmers Nat. Bank v. Barten, 21 Ill. App. 403; Barton v. Farmers & Merchants Nat. Bank, 122 Ill. 352. (2) The title to the note sued on is in respondents. 8 Cyc. p. 227; 8 Cyc. p. 69. (3) The court properly gave the jury a peremptory instruction to find for respondents. (4) The court did not err in overruling appellant's motion for a new trial on the grounds of newly discovered evidence. Motions of this character are regarded by the courts with a jealous eye; should be tolerated, not encouraged, viewed with aversion rather than favor, granted as an exception and refused as a rule. Cook v. Railroad, 56 Mo. 380; State ex rel. v. Railroad, 149 Mo. 635; Blake v. Insurance Co., 133 Mo. App. 18. Defendant made no showing of diligence. This is necessary. Commercial Bank v. Brenkerhoff, 110 Mo. App. 429; King v. Gilson, 206 Mo. 264. Where the new evidence would not affect the result, the case here, there is no ground for new trial. Mayor of Liberty v. Burns, 114 Mo. 426. (5) The Statute of Limitations is no defense to the suit on this note under the evidence in this case and would be no defense to this suit if the appellant had proved that he had signed the note in the capacity of a surety, it not being alleged in de-

fendants' answer that he was at all times a resident of Illinois, for the reason that the statute in question did not extinguish the right, but has reference solely to the remedy. Secs. 11269 and 11270, R. S. 1909, Vol. 3, provide the manner in which appellant could have been discharged if he was as a matter of fact a surety. Williams v. Railroad, 123 Mo. 573; Lyman v. Campbell, 34 Mo. App. 213; Morgan v. Railroad, 51 Mo. App. 523; Carson v. Hunter, 46 Mo. 467.

ALLEN, J.—This action was instituted by respondents in the circuit court of Stoddard county on June 13, 1910, and is for the balance claimed to be due upon a promissory note executed by the defendant, Charles Boone, and his son, Edwin Boone, now deceased. Plaintiffs recovered and the defendant prosecutes the appeal.

Upon the face of the note, defendant and his said son appear to be joint makers; though from the evidence it appears that defendant signed the instrument as surety for his son, who received all of the proceeds thereof. The note provided for the payment of "ten per cent attorneys fees, as liquidated damages."

Upon the back of the note appear certain credits for payments made thereon, and the following assignment thereof, viz.:

"Paris, Ill., Aug. 28, 1907.

"For value received I assign the within note to Luther Wade and Joseph Wade without recourse on me.

RUTH C. O'CONNOR,

By J. E. PARRISH, Agent."

The petition declares upon the note, alleging that, on or about August 29, 1907, the payee therein named, for value received, sold, transferred and assigned the same to plaintiffs; and that, after giving credit for the payments made thereon, there remained due and unpaid, at the date of the institution of the

suit, the sum of $2899.37, including interest. And it is averred "that the laws of the State of Illinois in force on the 22nd day of February, 1905, and since said date, provided for the enforcement of the payment of attorney's fees in said note mentioned, and that said contract being valid in the State of Illinois is valid and enforcible in the State of Missouri." And judgment is prayed for the said alleged balance of $2899.37, principal and interest remaining unpaid on the note, and for the further sum of $289.93 "liquidated damages and attorney's fees;" aggregating the total sum of $3189.30.

The defendant, by his answer, admits "that he signed the note sued on as surety for Chas. E. Boone" (Edwin Boone), but denies generally all of the other allegations of the petition. For further answer, defendant avers that plaintiffs failed to have the note allowed against the estate of Edwin Boone, deceased, in the State of Illinois, within two years after the granting of letters of administration thereupon, and pleads a statute of the State of Illinois, providing that whenever the principal maker of such an instrument shall die, if the creditor shall not present the same to the proper court for allowance, within two years after the granting of letters testamentary or of administration, the sureties thereon shall be released from the payment thereof to the extent that the same might have been collected from such estate. And it is averred that by plaintiffs' failure aforesaid, defendant is released from all liability on the instrument.

By way of reply, plaintiffs deny that they were required by the laws of Illinois to have the note allowed as a demand against the said estate, and plead a ten year Statute of Limitations of the State of Illinois in actions upon bonds, promissory notes, etc. And it is further averred that, if defendant did execute the note as surety for Edwin Boone, neither the laws of Illinois nor of Missouri released defendant

from his obligation thereon, .for the reason that he accepted and received, as surety, a deed of trust upon the land of said Edwin Boone, in Stoddard county, Missouri; and that "under the laws of the State of Illinois the defendant is liable as principal upon said note and cannot show that he signed the same as surety."

It appears, in point of fact, that when defendant signed the note for the benefit of his son, Edwin Boone, who received the proceeds thereof, he took from his son a deed of trust upon the latter's land in Stoddard county to secure himself against loss in the premises. This deed of trust was in evidence, and recited that. it was executed to secure the defendant and keep him harmless on account of having signed the note in question, upon which he had become "security."

In executing the note the defendant and his son dealt with one Terrence Clark, who, it appears, was a brother of Ruth C. O'Connor, the payee in the note, and represented her in the transaction. At the time of the trial below Clark was dead—as was.in fact the payee also—and defendant was not permitted to testify as to the transaction in question, in order to show that it was, at the time, known and understood that he signed the note as surety.

It appears that plaintiff, Luther Wade, married a half-sister of the widow of Edwin Boone, deceased; and that his brother, and coplaintiff, Joseph Wade, married a sister of such widow. In February, 1907, Edwin Boone died, leaving certain property, real and personal, in the State of Illinois, and the real property above mentioned in Stoddard county, Missouri. Administration was had thereupon, and at the close thereof the personal property, remaining after the payment of claims and expenses, passed to the widow.

On August 28, 1907, and while the estate of Edwin Boone was in process of administration, plaintiffs purchased the note in suit, which was then long over-

due. It was then at the Edgar County National Bank of Paris, Illinois, at which place it was payable, and of which one J. E. Parrish was president. Parrish assigned the instrument to plaintiffs, by the foregoing assignment, purporting to act as the agent for Ruth C. O'Connor, the payee therein named.

Plaintiffs did not present the note for allowance against the estate of Edwin Boone, deceased, in the State of Illinois, but it seems that administration was had upon said real estate of Edwin Boone in Stoddard county, Missouri, the note there allowed, and the deceased's real estate in said county ordered sold by the probate court for the payment of such claim, but that such order was afterwards set aside. It is apparent that the reason for not having the note allowed against the estate in Illinois was to prevent the property going to the widow, plaintiffs' sister-in-law, from being subjected to its payment.

At the beginning of the trial the plaintiffs offered in evidence the note sued upon. Defendant's counsel objected to the introduction of the note, stating as ground for such objection, "that it appears upon its face that it does not appear to belong to the plaintiffs, there being no assignment of the note to plaintiffs, and that an agent, without proper showing, has no authority to sign an assignment of the note." This objection was overruled, defendant excepting; and the note, and the assignment indorsed thereupon, were read in evidence without further proof.

At the close of plaintiffs' case defendant's counsel moved to strike out the note offered in evidence, "for the reason that it is alleged in plaintiffs' petition that said note was assigned to plaintiffs by Ruth C. O'Connor, and the proof shows that the note was assigned by J. E. Parrish, agent, and there is no proof tending to establish such agency on the part of J. E. Parrish; if it be true that he was the agent of Ruth C. O'Connor, there is no evidence that, as a result of such

agency, he had the authority to assign said note to plaintiffs.'' This motion was overruled, defendant excepting.

At the close of all the evidence in the case, the court peremptorily directed a verdict for plaintiffs. In obedience to such instruction a verdict was so returned, and judgment followed accordingly.

It is quite clear that defendant's objection to the introduction of the note in evidence should have been sustained, for the reason that the assignment indorsed thereupon did not prove itself. The note, together with this assignment, was admitted in evidence without any proof whatsoever of the assignment. There can be no doubt that it was incumbent upon plaintiffs to prove the assignment indorsed upon the note, by reason whereof plaintiffs purported to have acquired title to the same. And it was error to permit the note to be introduced without such proof. [See Bosse v. Weik, 144 Mo. App. 472, 129 S. W. 417; Discount Co. v. Becker, 138 Mo. App. 54, 119 S. W. 981; Dunlap v. Kelly, 105 Mo. App. 1, 78 S. W. 664; Worrell v. Roberts, 58 Mo. App. 197.]

It is urged by learned counsel for the respondents that the title in plaintiffs was prima facie shown by the fact of possession of the instrument, citing 8 Cyc. pp. 69, 227. But it is well settled that where a promissory note is payable to the order of the person therein named, the possession of such note, by one other than the payee, where the same is unindorsed, is no evidence of ownership in the holder. [See Dorn v. Parsons, 56 Mo. 601] Cavitt v. Tharpe, 30 Mo. App. 131; Hair v. Edwards, 104 Mo. App. 217, 77 S. W. 1089; Bosse v. Weik, supra; Bank v. Hohn, 146 Mo. App. 704, 125 S. W. 539; 8 Cyc. p. 231.]

"The possession of an unindorsed note does not relieve the holder from the presumption that the note still belongs to the payee." [Hair v. Edwards, supra. l. c. 217.]

It is true that the note purported to have been assigned by the payee, by and through her agent, J. E. Parrish, but when the note was offered in evidence there was no proof offered even of the execution of such assignment by the putative agent, much less any showing as to the latter's authority to execute such assignment as agent of the payee. It remains to be seen, however, whether the later testimony in the case cured the error as to the admission of the note in evidence, by supplying the necessary proof to show title in the plaintiffs.

As to this, the only testimony is that of Parrish, who was the president of the bank at which the note was made payable. As to his execution of the assignment, the only testimony is his one answer on cross-examination, viz.: "I can't remember as to that. I am pretty sure it was either indorsed by me or Colonel Clark." However there is a total lack of any evidence going to show that he was authorized, as the agent of the payee, to assign the note to plaintiffs. When asked in what capacity he held the note, he said: "I presume I would be considered an agent of hers." This was at best a mere conclusion on his part, as to the existence of an agency. And he testified that one Clark was also the payee's agent. If this may be said to be any evidence that he was in fact the payee's agent, it is altogther clear that it constituted no evidence that he, as such agent, was clothed with authority to indorse or assign commercial paper belonging to the payee.

It is true that the note was executed in Illinois and made payable there, and is controlled by the law of that State. But though this be true, while other laws of the State of Illinois are in evidence, none were introduced touching this question. As Illinois was carved out of the great Northwest Territory, we judicially know that the common law was there estab-

lished. And in the absence of any showing to the contrary, the presumption obtains that it is still in force respecting the matter in hand. In such cases, when the decision turns upon the construction of the common law of a sister State, the court will follow its own precedents in declaring the rules applicable to the particular transaction. [See Morton v. Supreme Council, 100 Mo. App. 76, 73 S. W. 259; Tennent v. Insurance Co., 133 Mo. App. 345, 112 S. W. 754; Ginnochio v. Railroad, 155 Mo. App. 168, 134 S. W. 129; Kavanaugh v. Royal·League, 158 Mo. App. 241, 138 S. W. 359; Brown v. Worthington, 162 Mo. App. 520, 142 S. W. 1082; Davis v. McColl, 166 S. W. 1113.]

There was no proof that there was in force in Illinois the statute known as the Negotiable Instruments Law; and we could not take judicial notice of a statute of another State. Neither could we apply the statute of this State under the circumstances (see Davis v. McColl, supra), had it been in force here at the time of the execution of the note; and in point of fact it was not. The matter is therefore not affected by such statute.

And it is quite clear that the common-law rule obtaining in this State, and generally, is to the effect that the burden of proving the existence of an agency rests upon the party affirming its existence. That Parrish was an agent with authority to indorse or assign the note sued upon might be proved as agency is proved in any other case; but clearly no presumption is to be indulged that he was so authorized from the mere fact that he assumed to act in such capacity. [See Cannon v. Gibson, 162 Mo. App. 386, 142 S. W. 730; Bank v. Hohn, supra; Quigley v. Bank, 80 Mo. 289; Goodfellow v. Landis, 36 Mo. 168; Hardesty v. Newby, 28 Mo. 567; 31 Cyc. 1643.]

It may be that Parrish, who was president of the bank at which the note was made payable, had authority to collect it, but this alone would not carry

with it the right to transfer the instrument by indorsement or assignment. [See Cannon v. Gibson, supra; Quigley v. Bank, supra; Goodfellow v. Landis, supra.]

It is altogther clear that the court erred in peremptorily directing a verdict for plaintiff, under the circumstances. In fact it appears that there was no evidence whatsoever of the authority of the supposed agent to indorse or assign the note, nor anything from which such authority might be inferred, so as to authorize the introduction of the note in evidence, and the submission to the jury of the question of the agent's authority. And where such question is one in dispute it is, generally, one for the jury, guided by proper instructions. [See 31 Cyc., 1674.]

As to the defense that defendant, as surety, was released by plaintiffs' failure to have the note allowed against the estate in Illinois, under the statute pleaded and introduced in evidence, it may be said merely that there was no proof that it was known to the payee, or her agent, at the time of the execution thereof, that defendant signed the same as surety for his son. Among other things, defendant moved for a new trial upon the ground of newly-discovered evidence touching this matter. But as the case must be retried we need not further comment thereupon; and for the same reason other questions involved need not be noticed.

The judgment is reversed and the cause remanded. *Reynolds, P. J.,* and *Nortoni, J.,* concur.