(January 28, 1927.)

COUNTY OF ADA, Appellant, v. ETHEL TONKIN CLARK (Otherwise ETHEL T. CLARK) and UNITED STATES FIDELITY AND GUARANTY COMPANY, a Corporation, Respondents.

[253 Pac. 847.]

OFFICERS — LIABILITY TO ACCOUNT FOR PUBLIC FUNDS — EVIDENCE — BURDEN OF PROOF—PRINCIPAL AND AGENT—VERDICT SHOULD HAVE BEEN DIRECTED — ENTRY OF JUDGMENT ON REVERSAL.

1. In action on bond of one entrusted with duty to safely keep and account for public funds, when plaintiff shows amount received by and chargeable to officer, it is for him to show items of disbursement for which he claims credit and to which he is entitled as disbursements provided by law.

2. In action against county treasurer and surety to recover payment of certificates issued to witnesses under C. S., sec. 9135, evidence showing payment of certificates to person other than to whom they were issued *held* to place burden on defendant of establishing that person to whom money was paid had lawful authority to receive it, in view of section 3562, subd. 6, requiring disbursement by treasurer of county moneys on warrants or as otherwise provided by law.

3. Proof of mere possession of certificate, issued to witness under C. S., sec. 9135, by an agent, without other extraneous evidence of implied or actual authority or estoppel or ratification, is not evidence of authority to collect, nor is payment to such agent evidence of payment to principal.

4. Where verdict should have been directed under evidence, a new trial will not be granted on reversal, but judgment will be ordered entered for party so entitled.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Dana E. Brinck, Judge.

Action against county treasurer and surety on her bond. Judgment for defendants. *Reversed and remanded.*

Laurel E. Elam and Sullivan & Sullivan, for Appellant.

A directed verdict in favor of one party to an action is proper where there is no evidence to support a verdict, even if one were found, for the other party. (*Work Bros. v. Kinney,* 7 Ida. 460, 63 Pac. 596; *Keane v. Pittsburg L. M. Co.,* 17 Ida. 179, 105 Pac. 60; *Southwest Nat. Bk. v. Baker,* 23 Ida. 428, 130 Pac. 799; *Exchange State Bank v. Taber,* 26 Ida. 723, 145 Pac. 1090; *Pocatello S. T. Co. v. Henry,* 35 Ida. 321, 27 A. L. R. 337, 206 Pac. 175; *Moody v. Morris-Roberts Co.,* 38 Ida. 414, 226 Pac. 278; *Lamb v. Licey,* 16 Ida. 664, 102 Pac. 378.)

In case of reversal herein, a judgment should be ordered for plaintiff, and not a new trial. (*Work Bros. v. Kinney, supra; Southwest Nat. Bk. v. Baker, supra; Exchange State Bank v. Taber, supra; Gorman v. County Commrs.,* 1 Ida. 655; *Lamb v. Licey, supra.*)

E. P. Barnes, C. C. Cavanah and Alfred A. Fraser, for Respondents.

Where there is any evidence or inference that can be drawn from the evidence why the jury rendered the kind of verdict they did, the court would not be warranted in either granting a directed verdict or motion for a new trial.

Publisher's Note.

See Agency, 2 C. J., sec. 260, p. 623, n. 85.
Appeal and Error, 4 C. J., sec. 3228, p. 1191, n. 28.
Counties, 15 C. J., sec. 211, p. 528, n. 77.
Officers, 29 Cyc., p. 1468, n. 17.

(*Pocatello Security Trust Co. v. Henry,* 35 Ida. 321, 27
A. L. R. 337, 206 Pac. 175; *Moody v. Morris-Roberts Co.,*
38 Ida. 414, 26 Pac. 278; *Smith v. Marley,* 39 Ida. 779,
230 Pac. 769; *McKenna v. Grunbaum,* 33 Ida. 46, 190 Pac.
919; *Dellwo v. Peterson,* 32 Ida. 172, 180 Pac. 167; *Stewart
v. Stewart,* 32 Ida. 180, 180 Pac. 165; *Riordan v. Equitable
Life, etc.,* 31 Ida. 657, 175 Pac. 586; *Donovan v. Boise City,*
31 Ida. 324, 171 Pac. 670; *Johansen v. Looney,* 31 Ida. 754,
176 Pac. 778; *Tipsword v. Potter,* 31 Ida. 509, 6 A. L. R.
527, 174 Pac. 133; *Palcher v. Oregon Short Line Ry.,* 31
Ida. 93, 169 Pac. 298; *Goldensmith v. Snowstorm M. Co.,*
28 Ida. 403, 154 Pac. 968; *Southern Idaho Adventists v.
Hartford Fire Ins. Co.,* 26 Ida. 712, 145 Pac. 502; *Smith
v. Potlatch Co.,* 22 Ida. 782, 128 Pac. 546; *Keane v. Pittsburg Lead M. Co.,* 17 Ida. 179, 105 Pac. 60; *Stricker v.
Hillis,* 17 Ida. 646, 106 Pac. 1128; *Pilmer v. Boise Traction Co.,* 14 Ida. 327, 125 Am. St. 161, 94 Pac. 432, 15
L. R. A., N. S., 254; *Later v. Haywood,* 12 Ida. 78, 85 Pac.
494.)

TAYLOR, J.—This action was brought by Ada county
against the defendant Clark, county treasurer, and her
surety, United States Fidelity and Guaranty Company.
This appeal is from a judgment in favor of defendants, and
an order denying a motion for new trial.

The complaint, in two causes of action based upon alleged
delinquencies in two terms of office as treasurer, alleges a
violation of duty by defendant in her having failed and
neglected to faithfully perform the duties of her office, or
to safely keep the county moneys coming into her hands,
and pay them out only as provided by law, but that she
did pay them out wrongfully, unlawfully, negligently and
contrary to law. Each cause of action is based upon payment by her of numerous certificates issued to witnesses
under C. S., sec. 9135. The complaint alleged at great
length and with great particularity the facts as to these
witness certificates, alleging that one Paul R. Dempsey pro-

cured them to be issued by the clerk of the court to ficti-
tious named persons who had not appeared as witnesses;
that the certificates were false, invalid, fraudulent and
fictitious; that Dempsey presented these certificates to the
county treasurer for payment, and that, at his request,
without indorsement of the persons named therein, or any
direction or authority from them, the treasurer issued checks
directly to and payable to Dempsey for the amounts; that
these checks were paid by the banks out of county moneys,
and appropriated by him to his own use.

Dempsey, the only witness called by plaintiff, testified
in detail as to his method of procuring the issuance of these
certificates; that the witnesses named were fictitious per-
sons, and the certificates were false; that he led the treas-
urer to believe that the certificates were genuine, sometimes
stating to her, as a reason for asking that the payment be
made to him, that the prosecuting attorney had advanced
funds to some of these witnesses, and in order to deduct
these amounts it would be necessary for the prosecuting
attorney to have the handling of the money, at other times
that as to certain witnesses he had promised them he would
send them the money; that at times he took to the treasurer
a number of certificates at once; that he received from her
checks payable to himself for the amounts, cashed them and
appropriated the money to his own use. The certificates
were indorsed by Dempsey with the name of the payee
"By P. R. Dempsey." These, with the checks payable to
Dempsey, were introduced in evidence. The defendant
Clark was the only witness called by defendants.

Both sides have argued at length upon the right of the jury
to apparently disregard the evidence of Dempsey, upon
grounds of his having been, or not having been, impeached,
or corroborated, or there being, or not being, a conflict in
the evidence as to the witnesses being fictitious. In our
view, it will be unnecessary to discuss this feature of the
case, nor the right of the jury to disregard Dempsey's testi-
mony.

The plaintiff asked the court to instruct the jury to render a verdict in its favor. It made the refusal of this instruction one of its grounds of motion for new trial.

The county, under the facts and pleadings, was not put to the necessity of establishing, by Dempsey or otherwise, that the payees of these witness certificates were fictitious persons. Under C. S., sec. 3562, it is the duty of the county treasurer to—

"6. Disburse the county moneys only on county warrants issued by the county auditor, based on orders of the board of commissioners or as otherwise provided by law."

[1] The provision of C. S., sec. 9135, for witness certificates is one of these instances authorizing the treasurer to pay out money "as otherwise provided by law." In an action upon the bond of one entrusted with the duty to safely keep and account for public funds, when the plaintiff shows the amount received by and chargeable to him it is for him to show items of disbursement for which he claims credit, and to which he is entitled as disbursements provided by law. (*State v. Hays,* 99 Tenn. 542, 42 S. W. 266.)

[2] The admissions of the defendants in their pleadings, and the evidence of defendant Clark with evidence by exhibits, the certificates, and the checks drawn by defendant Clark to Dempsey, and her testimony and admissions that she had received the funds and had not such funds on hand, that she drew these checks in payment of the certificates issued to other persons, not payable to bearer or indorsed by the payee, but in the payee's name by Dempsey, making the checks payable to Dempsey, with admissions by answer and otherwise that the money was thereon drawn from the bank and from county funds, established a *prima facie* case, in favor of the county, of a failure to perform her duty and safely keep the funds, not depending in any way upon the evidence of Dempsey or proof that the certificates of the witnesses were fictitious, as much as if she had paid to Dempsey funds from the county treasurer without the presentation of any certificate.

The burden upon the treasurer, under these facts, would be no less than that of a bank if sued for having paid out funds of the drawer of a check to someone other than the person named therein as payee, which is to show some lawful authority for having paid the money to a person other than the payee, or that the person to whom the money was concededly paid had authority to indorse such paper and receive the money on behalf of the payee .(*State v. Lewis,* 6 Ohio Dec. 221), or a burden no less than that upon one who admits a previous existing obligation, but pleads payment (*Chicago Savings Bank v. Block,* 126 Ill. App. 128). The burden was upon the treasurer, as a matter of defense, to establish that the person to whom the money was paid had lawful authority to receive it for or on behalf of the person named in such certificate., Thus, the question of whether the witnesses named in these certificates were fictitious or real is not material to a decision upon the evidence as presented. (*Board of County Commrs. v. Nelson,* 51 Minn. 79, 38 Am. St. 492, 52 N. W. 991.)

[3] The certificates themselves, made payable to witnesses, whether real or fictitious, not payable to bearer and unindorsed by the payee, do not constitute authority or proof of authority for the treasurer to pay funds to Dempsey, nor that Dempsey had authority to indorse the certificates and receive the money. No evidence was offered of, or attempt made by defendants to prove, Dempsey's authority. Proof of mere possession of such paper by an agent, without other extraneous evidence of implied or actual authority or estoppel or ratification, is not evidence of authority to collect, nor is payment to such agent, without some such extraneous evidence, evidence of payment to the principal. It does not establish *prima facie* proof of payment. (*Western Union Tel. Co. v. Bimetallic Bank,* 17 Colo. App. 229, 68 Pac. 115; *Stockton v. Fortune,* 82 Ill. App. 272; *Barnett v. Ringgold,* 80 Ky. 289; *Rice v. McFarland,* 41 Mo. App. 489; *Hair v. Edwards,* 104 Mo. App. 213, 77 S. W. 1089; *Dorn v. Parsons,* 56 Mo. 601; *Lawson*

*v. Nicholson,* 52 N. J. Eq. 821, 31 Atl. 386; *Wardrop v. Dunlop,* 1 Hun (N. Y.), 325; *Doubleday v. Kress,* 50 N. Y. 410, 10 Am. Rep. 502; *Jackson v. Bank,* 92 Tenn. 154, 36 Am. St. 81, 20 S. W. 802, 18 L. R. A. 668; 1 Daniel on Negotiable Instruments, 6th ed., sec. 574; 3 Randolph on Commercial Paper, sec. 1078; Story on Promissory Notes, sec. 247; Tiedeman on Commercial Paper, sec. 312; 1 Mechem on Agency, 2d ed., sec. 935; 1 Clark & Skyles on Agency, sec. 274.)

It is not contended that these were paid to Dempsey as owner of the certificates, but as agent; nor would the rule be different if it were. (1 Daniel on Negotiable Instruments, 6th ed., sec. 574.)

[4] The evidence was wholly lacking in proof that would support the burden upon defendant, and the court erred in not directing a verdict for plaintiff. It was error to refuse a new trial upon that ground. But where a verdict should have been directed, under such circumstances as shown herein, on reversal a new trial will not be granted, but judgment ordered entered for the party so entitled. (*Exchange State Bank v. Taber,* 26 Ida. 723, 145 Pac. 1090.)

The judgment is reversed and the cause remanded, with instructions to the trial court to enter judgment in favor of the plaintiff upon the second and third causes of action alleged in the complaint. Costs awarded to appellant.

Wm. E. Lee, C. J., and T. Bailey Lee, J., concur.

Budge, J., did not sit at the hearing and took no part in the decision.

Givens, J., disqualified.

Petition for rehearing denied.