(No. 5560. February 6, 1931.)

WASHINGTON COUNTY, a Municipal Corporation, Respondent, v. FIDELITY & DEPOSIT COMPANY OF MARYLAND, a Corporation, Respondent, and GEORGE E. GILDEROY, Appellant.

[295 Pac. 1003.]

James Harris and Frank T. Wyman, for Appellant.

Herman Welker and George Donart, for Respondent.

GIVENS, J.—Washington county claimed that on April 27, 1929, appellant was short in his capacity as treasurer or tax collector, $1,180.77, and brought suit against appellant and his bondsman, respondent company, for said sum of money and an accounting thereof. Gilderoy had been treasurer and *ex-officio* tax collector for two successive terms prior to the beginning of January, 1929, and his then term expired January, 1931.

Appellant urges that the action was premature; that Gilderoy was under no obligation to turn the money over except to his successor and that as long as he remained in office there was of course no successor until his then term of office expired; that there was no one else who could act for the county and receive the money, and also that the evidence was insufficient to show that there was a shortage July 26, 1929, the time the complaint was filed, or November 26, 1929, the date of the trial, and assigned certain instructions as erroneous.

Appellant urges that if the county commissioners desired to recover this money during the treasurer's term of office, it was necessary to proceed under C. S., sec. 303. It is unnecessary to consider whether an action would lie as plead against the treasurer as distinguished from tax collector because no judgment was rendered against the treasurer as such.

The county treasurer as tax collector is required by C. S., sec. 3325, to settle with the county auditor on the first Monday of each month for all taxes collected since his last settlement, etc., and must pay all such moneys into the county treasury upon the certificate of the county auditor; hence under sec. 3325 the appellant treasurer as *ex-officio* tax collector was obligated on the first Monday in May, 1929, to account to the auditor for the $1,180.77, which as claimed by respondent, and there is evidence to sustain such

contention, should have been in his possession as tax collector on April 27, 1929. Demand was made for payment and accounting June 5, 1929, of said sum of money, which demand was not complied with. On the first Monday of each month a cause of action arises in favor of the county against the tax collector for noncompliance; hence the action was not premature against appellant Gilderoy in his capacity as tax collector because under C. S., sec. 3325, he was required to remit on the first Monday of each month or as soon thereafter as settlement could be made with the county auditor of the funds coming into his possession in the interim succeeding the prior settlement, and while the county commissioners might have acted under sec. 303, there is nothing in the statutes to indicate that that is the exclusive procedure for the counties to safeguard or bring actions in connection with preserving the integrity of the county funds. The county was justified in suing to have the tax collector account for, or get into his possession the sum sought, or have him pay it as tax collector to the treasurer on settlement with the auditor. (*Fremont County v. Salisbury*, 48 Ida. 465, 285 Pac. 459.)

The evidence disclosed without dispute that there was no shortage in the office of the county treasurer, as such, and appellant complains of instruction No. 7, which was as follows: "You are instructed that in the event you find for the plaintiff it will be your duty to determine whether the sum found to be due from defendant Gilderoy is due from him in his .capacity as Treasurer or in his capacity as Tax Collector of Washington County,"—and instruction No. 2, embodying so far as material here the same thought, appellant contending that the court should have dismissed the action as against the treasurer. Conceding the court should have taken such action, these instructions were not prejudicial because they required the jury to determine where the shortage existed, and since by their verdict the jury have determined that the shortage existed in the tax col-

lector's office only, the jury was in no way misled and there is no prejudice.

Appellant's contention that the evidence does not show that the shortage existed at the time of the trial or at the commencement of the suit is governed by the same principle which applies to instruction No. 5, complained of by him, which stated in effect that if a shortage is shown to exist, the burden shifts to the defendant to explain the same. This instruction and the thought contained therein and controlling as to the sufficiency of the evidence are clearly sustained by *County of Ada v. Clark,* 43 Ida. 489, 253 Pac. 847, 848, a suit against a county treasurer, where the court said:

"In an action upon the bond of one entrusted with the duty to safely keep and account for public funds, when the plaintiff shows the amount received by and chargeable to him it is for him to show items of disbursements for which he claims credit, and to which he is entitled as disbursements provided by law."

While the court there refers to disbursements, the same principle would apply to any defense justifying and excusing the shortage.

The motion for nonsuit raised no points not disposed of above.

Judgment affirmed; costs to respondent.

Lee, C. J., Varian and McNaughton, JJ., and Koelsch, D. J., concur.